1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

11   LESLIE LAWSON,

12              Plaintiff,                        CASE NO.  C06-1100-JLR-JPD

13        v.

14   HAROLD W. CLARKE, *et al.*,                  REPORT AND RECOMMENDATION

15              Defendants.

16

17              <u>INTRODUCTION AND SUMMARY CONCLUSION</u>

18        This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff alleges in his civil rights

19   complaint that defendants unlawfully withdrew monies from his military retirement checks which were

20   entitled to the exemption protection afforded by 38 U.S.C. § 5301, and that they unlawfully converted

21   his retirement checks to public funds in violation of the National Bank Act, the Washington Financial

22   Institution Individual Act, and the Washington Public Funds Deposit Act.  Plaintiff names the

23   following individuals/entities as defendants in this action:  Harold Clarke, the Secretary of the

24

25   REPORT AND RECOMMENDATION
26   PAGE - 1

Washington Department of Corrections; Ken Quinn, Superintendent of the Monroe Correctional Complex; and, the Bank of America.[1]

Plaintiff has filed a summary judgment motion in this action.  Defendants have filed cross-motions for summary judgment in conjunction with their responses to plaintiff's summary judgment motion.  While plaintiff has been provided an opportunity to file a response to defendants' summary judgment motions, and has been advised of the summary judgment requirements pursuant to *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), plaintiff has filed no response to either of the pending cross-motions for summary judgment.  The briefing is now deemed complete and the pending summary judgment motions are ripe for review.

This Court, having reviewed the pending summary judgment motions, and the balance of the record, concludes that plaintiff's motion for summary judgment should be denied, defendants' cross-motions for summary judgment should be granted, and this action should be dismissed with prejudice.

## FACTS

Plaintiff Leslie Lawson is retired from the United States Army.  (Dkt. No. 1, Ex. 1.)  In May 2004, while in the custody of the Washington Department of Corrections ("DOC"), plaintiff began receiving military retirement benefits checks.  (*Id.*)  When these checks were received at plaintiff's institution, they were identified as retirement funds, and were posted to plaintiff's individual account

---

[1]  Plaintiff also names John and Jane Doe as defendants in this action and identifies these individuals as employees of the Washington State Treasury or the Department of Corrections. Plaintiff has never identified these individuals by name and, thus, service has never been effectuated on these individuals.  Accordingly, none of these individuals is a party to the instant action.

REPORT AND RECOMMENDATION
PAGE - 2

within the DOC Trust Accounting System ("TAS").  (Dkt. No. 23-2, Ex. 1 at 2.)  Deductions were then taken from the deposited funds in accordance with RCW 72.09.480.  (Dkt. No. 23-2, Ex. 1 at 2.)

Certain deposit types are protected by federal statute and are therefore exempted from the deductions required by state statute.  (*See id*, Ex. 1 at 3.)  Exempt deposit types include tribal funds protected by federal law or court order, veteran's and social security disability benefits when received directly from the federal agency, and proceeds from lawsuits filed under § 1983.  (*See id*., Ex. 1, Attachment A at 3.)  The DOC has not identified any federal statute which exempts military retirement funds from the mandatory deductions.  (*See id*., Ex. 1 at 3.)

Each day, deposits received for offenders are taken to a local Bank of America branch where they are deposited in an Institutional Resident Deposit Account.  (*See id*., Ex. 1 at 1-3.)  The Institutional Resident Deposit Account consists of funds held for all offenders housed within a designated  "administrative caseload."  (*Id*., Ex. 1 at 1-2.)  Each offender has a personal account within the TAS which is unique to his DOC number within the "administrative caseload" where he is housed.  (*Id*., Ex. 1 at 2.)  Offenders are permitted to spend the funds in their personal accounts within the confines of DOC Policy 200.00, Trust Accounts for Offenders.  (*See id*., Ex. 1 at 2-3 and Attachment A.)

<u>DISCUSSION</u>

Plaintiff asserts the following claims in his civil rights complaint: (1) he was unlawfully denied the exemption protection of 38 U.S.C. § 5301 when the Department of Corrections deducted 35% from his military retirement pension checks; (2) the Department of Corrections unlawfully converted his U.S. Treasury Checks into public funds in violation of the Due Process Clause, the National Bank Act, Title 12, United States Code, *et seq*., the Washington Financial Institution Individual Account

REPORT AND RECOMMENDATION
PAGE - 3

Deposit Act, RCW 30.22, *et seq*., and state law provisions governing deposits of public funds in public depositaries, RCW 39.58, *et seq*.; and, (3) the Bank of America conspired with the Department of Corrections to deprive plaintiff of his property.

## Summary Judgment Standard

Summary judgment is appropriate when, viewing the evidence in the light most favorable to the nonmoving party, there exists "no genuine issue as to any material fact" such that "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is a fact relevant to the outcome of the pending action. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Genuine issues of material fact are those for which the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Id*.

In response to a properly supported summary judgment motion, the nonmoving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts demonstrating a genuine issue of fact for trial and produce evidence sufficient to establish the existence of the elements essential to his case. *See* Fed. R. Civ. P. 56(e). A mere scintilla of evidence is insufficient to create a factual dispute. *See Anderson*, 477 U.S. at 252. In ruling on summary judgment, the court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994).

## Section 1983 Standard

In order to sustain a cause of action under 42 U.S.C. §1983, a plaintiff must show (i) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (ii) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The causation requirement of § 1983 is satisfied only if a

REPORT AND RECOMMENDATION
PAGE - 4

plaintiff demonstrates that a defendant did an affirmative act, participated in another's affirmative act, or omitted to perform an act which he was legally required to do that caused the deprivation complained of. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978)).

<u>38 U.S.C. § 5301</u>

Plaintiff asserts in his first claim for relief that defendants Clarke and Quinn unlawfully deducted from his military retirement pension checks 35% of the total amount of each check. At issue here is the DOC's application of RCW 72.09.480(2) to plaintiff's military retirement checks.

RCW 72.09.480(2) mandates that certain deductions be taken from funds received by inmates in Washington state prisons:

> When an inmate, except as provided in subsection (7) of this section, receives any funds in addition to his or her wages or gratuities, except settlements or awards resulting from legal action, the additional funds shall be subject to the following deductions and the priorities established in chapter 72.11 RCW:
>
> (a)  Five percent to the public safety and education account for the purpose of crime victim's compensation;
>
> (b)  Ten percent to a department personal inmate savings account;
>
> (c)  Twenty percent to the department to contribute to the cost of incarceration;
>
> (d)  Twenty percent for payment of legal financial obligations for all inmates who have legal financial obligations owing in any Washington state superior court; and
>
> (e)  Fifteen percent for any child support owed under a support order.

Plaintiff argues that his military retirement benefits payments are exempt from these state mandated deductions under the provisions of 38 U.S.C. § 5301(a). Section 5301(a) provides in relevant part as follows:

> Payments of benefits due or to become due under any law administered by the

REPORT AND RECOMMENDATION
PAGE - 5

Secretary shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary. . . .

Defendants Clarke and Quinn argue in their motion for summary judgment that the non-assignability and exemption protections of § 5301(a) apply to benefits paid by the Department of Veterans Affairs and not to funds received as a military retirement pension.

Plaintiff, in his summary judgment motion, cites to case law which amply supports the proposition that § 5301(a) applies to disability benefits paid by the Department of Veterans Affairs. *See*, *e.g.*, *Nelson v. Heiss*, 271 F.3d 891 (9th Cir. 2001) (§ 5301(a) precluded state prison officials from placing a hold on inmate's trust account in order to ensure repayment of funds withdrawn by the inmate, who was permitted to make withdrawals despite lack of sufficient funds in account, from expected deposit of veteran's disability benefits); *Higgins v. Beyer*, 293 F.3d 683 (3rd Cir. 2002) (New Jersey statute providing for collection of crime victims' assessment from inmate account conflicted with provisions of § 5301 and was void to the extent it allowed prison officials to deduct funds derived from inmate's veteran's disability benefits). Plaintiff does not, however, cite to any authority which supports his argument that § 5301(a) applies equally to military retirement benefits payments.[2]

---

[2] Plaintiff does cite to *Wright v. Riveland*, 219 F.3d 905 (9th Cir. 2000), a class action suit brought by Washington inmates challenging the legality of RCW 72.09.480 on federal constitutional grounds and on the grounds that the mandatory deductions under the statute impaired their rights to receive certain federal benefits and funds. While the Ninth Circuit cited to § 5301 in its decision, it did so only in its discussion of the "anti-alienation" provisions contained in § 206(d)(1) of the Employee Retirement Income Security Act. Nothing in *Wright* can be read to suggest that § 5301 applies to military retirement benefits payments.

REPORT AND RECOMMENDATION
PAGE - 6

1    A review of the statutes governing veteran's disability benefits and military retirement pay

2    suggests that plaintiff's position is untenable.  Title 38 is concerned with Veterans' Benefits.  Section

3    5301(a) of Title 38 specifically exempts from "attachment, levy, or seizure" benefits "due or to

4    become due under any law administered by the Secretary."  The general provisions of Title 38 make

5    clear that for purposes of that title, the term Secretary means the Secretary of Veterans Affairs.  *See*

6    38 U.S.C. § 101.  While the Secretary of Veterans Affairs does administer certain pensions, the

7    pensions administered by the Secretary of Veterans Affairs appear to be those awarded to veterans

8    based upon age or disability who have served during periods of war.  *See* 38 U.S.C. § 1501, *et seq.*

9    Regular military retirement benefits are not administered by the Secretary of Veterans Affairs, but are

10   instead administered by the Secretaries of the various branches of the military in accordance with the

11   provisions of Title 10 of the United States Code.  *See generally*, 10 U.S.C. §§ 1201-1412.

12   

13       Nothing in the record suggests that plaintiff's pension benefits were awarded under any

14   provision of Title 38.  In fact, defendants have provided copies of two of the checks received by

15   plaintiff and each indicates on its face that is constitutes "retired pay" and that it was issued by the

16   Defense Finance and Accounting Service.  (Dkt. No. 23-2, Ex. 1, Attachment B.)  This Court is

17   satisfied, based upon the evidence in the record, that plaintiff's military retirement benefits are

18   administered by the Secretary of the Army in accordance with the provisions of Title 10 of the United

19   States Code, and that the non-assignability and exemptions protections of § 5301(a) do not apply to

20   

21   

22   

23   

24   

25   REPORT AND RECOMMENDATION

26   PAGE - 7

those funds.[3]  Accordingly, defendants Clarke and Quinn are entitled to judgment as a matter of law with respect to plaintiff's first claim for relief.

### National Bank Act

Plaintiff asserts in his second claim for relief that defendants Clarke and Quinn violated the National Bank Act, Title 12, United States Code, *et seq*., and state banking laws, when they seized his private funds; *i.e.*, United States Treasury checks specifically naming plaintiff as the payee, and converted those funds into public funds without due process of law.

Defendants Clarke and Quinn argue that this claim is without merit because the National Bank Act does not provide a private cause of action to a plaintiff in an action brought under § 1983. Defendants Clarke and Quinn further argue that even if the Court were to entertain a cause of action under the National Bank Act, the only proper defendant would be the Bank of America because the Department of Corrections and its personnel are not regulated by the Act.

The provisions of the National Bank Act cited by plaintiff, 12 U.S.C. §§ 90 and 332, relate to the designation by the Secretary of the United States Treasury of banking institutions as depositaries of public moneys, to the employment of such institutions as financial agents for the government, and to the requirement that security be given for the safe-keeping and prompt payment of public funds on deposit.  Plaintiff fails to explain in his papers how either of these provisions gives rise to a cause of action against either defendant Clarke or defendant Quinn.  Defendants Clarke an Quinn are

---

[3]  The conclusion that plaintiff's pension was not awarded under any provision of Title 38 is bolstered by the fact that § 1505 of that title expressly precludes any pension administered by the Secretary of Veterans Affairs from being paid to an individual who is imprisoned in a federal, state, or local penal institution as a result of conviction of a felony or misdemeanor.  The fact that plaintiff received his retirement benefits while incarcerated suggests that his benefits were not pension benefits administered by the Secretary of Veterans Affairs.

REPORT AND RECOMMENDATION
PAGE - 8

designated by statute as custodians of inmate funds, *see* RCW 72.11.020 and RCW 72.02.045 (3).

However, they have no authority over, or responsibility for, how banking institutions manage public

funds.  Accordingly, defendants Clarke and Quinn are entitled to summary judgment to the extent

plaintiff asserts any claim against them under the National Bank Act.

Defendants Clarke and Quinn are also entitled to summary judgment to the extent plaintiff

asserts that these defendants violated his due process rights.[4]  Plaintiff argues in his motion for

summary judgment that inmate funds are personal property and that inmates are entitled to due

process before those funds are attached, seized, or alienated.  Plaintiff maintains that defendants

violated due process when they "converted 100% of Plaintiffs funds to state title without a hearing."

(*See* Dkt. No. 24 at 11.)

The evidence presented by defendants Clarke and Quinn in conjunction with their summary

judgment motion establishes that inmate funds are deposited in an Institutional Resident Deposit

Account at a local Bank of America branch.  (*See* Dkt. No. 23-2, Ex. 1 at 3.)  The account is

comprised of funds deposited on behalf of all offenders at a particular institution, and offenders funds

are deposited to the account on a daily basis.  (*Id*., Ex. 1 at 1-2.)  The Institutional Resident Deposit

Account is not a treasury fund nor is it co-mingled with a treasury fund.  (Dkt. No. 23-2, Ex. 1 at 3.)

Personal inmate accounts are maintained by the DOC utilizing the TAS ( *id*., Ex. 1 at 2 and

Attachment A), and offenders are permitted to spend the funds on deposit in their personal accounts

within the confines of DOC policy (*id*., Ex. 1 at 3).

---

[4]  The Court does not interpret this claim to challenge the mandatory deductions taken
pursuant to RCW 72.09.480.  Instead, it appears that plaintiff seeks to challenge, generally, the
manner in which funds are processed through the Department of Corrections.

REPORT AND RECOMMENDATION
PAGE - 9

While plaintiff alleges that his private funds have been "converted," he offers no evidence that he was ever denied access to the funds on deposit in his personal account, or that any such funds were ever withheld from him, except to the extent that funds received for deposit in plaintiff's personal account were subject to mandatory deductions under RCW 72.09.480.  As plaintiff provides no evidence to support the assertion that his personal funds were ever converted to state ownership, his due process claim must fail.

Bank of America

Plaintiff asserts in his third claim for relief that the Bank of America conspired with the other defendants to deprive him of his property.  Plaintiff maintains that the Bank of America acted negligently in permitting plaintiff's private funds to be deposited in a "public funds" account.

Defendant Bank of America argues in its summary judgment motion that plaintiff does not have any claim against it under 42 U.S.C. § 1983.  Specifically, Bank of America argues that plaintiff has not shown, nor can he show, that Bank of America has acted under color of state law.  Bank of America also argues that plaintiff cannot show that it has deprived plaintiff of any rights, privileges or immunities secured by the Constitution or the laws of the United States.  These arguments have merit.

Plaintiff offers no evidence or argument establishing that the Bank of America acted under color of state law when it permitted the DOC to set up Institutional Resident Deposit Accounts, and authority cited by Bank of America suggests to the contrary.  *See Mitchell v. Kirk*, 20 f.3d 936 (8th Cir. 1994) (holding that the "district court properly dismissed the banks and the bank employees because in merely agreeing to open a non-interest bearing inmate account, those private parties were not acting under color of state law for purposes of Section 1983.")

REPORT AND RECOMMENDATION
PAGE - 10

Moreover, Bank of America correctly notes that plaintiff has identified nothing in the National Bank Act, or any other federal law, which prohibits it, or any national bank, from permitting the DOC to set up the Institutional Resident Deposit Account at issue here, or from permitting the DOC to administer that account internally through the TAS. As noted above, plaintiff also fails to offer any evidence that his personal funds were ever converted to state ownership. Accordingly, the Bank of America is also entitled to judgment as a matter of law

Pendant State Law Claims

Plaintiff alleges in his complaint that the conduct of defendants not only violated federal law, but violated state law as well. The Supreme Court has stated that federal courts should refrain from exercising their pendent jurisdiction when the federal claims are dismissed before trial. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). Because defendants are entitled to summary judgment with respect to each of plaintiff's federal law claims, plaintiff's state law claims should be dismissed.

CONCLUSION

For the foregoing reasons, this Court recommends that plaintiff's motion for summary judgment be denied, that defendants' cross-motions for summary defendant be granted, and that plaintiff's complaint, and this action, be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 29th day of August, 2007.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 11